ELLEN LOWE, PLAINTIFF-RESPONDENT, v. ERNEST TEGEN, DEFENDANT-APPELLANT.

Submitted May term, 1936—Decided June 23, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the plaintiff-respondent, *Walter A. Beers.*

For the defendant-appellant, *Wall, Haight, Carey & Hartpence* and *James R. Laird, Jr.*

PER CURIAM.

The appeal is by the defendant from a judgment entered in behalf of the plaintiff in the Essex County Circuit Court in a suit for damages growing out of injuries received by the plaintiff in being struck by an automobile owned and operated by the defendant.

Appellant complains first of the court's refusal to grant either a nonsuit or a direction in favor of the defendant and argues thereon that the proofs fail to establish negligence against the defendant but on the contrary demonstrate conclusively the contributory negligence of the plaintiff.

The jury would have been justified in finding that: The plaintiff, a woman sixty years of age with somewhat defective eyesight but wearing trifocal glasses which gave her practical vision, at shortly after nine o'clock on Sunday evening, May 13th, 1934, was about to cross Clinton avenue at Eleventh street in the city of Newark. She made an observation up and down Clinton avenue and saw no automobiles approaching. Again, as she was on the point of crossing the street she made a further observation. She then progressed, on the cross-walk, to the middle of the street between the car tracks where she was struck by an automobile owned and driven by the defendant. Plaintiff's course, expressed in terms of the direction in which defendant was driving, was from right to left, and her point of contact was at the left front headlight of the car. The defendant was driving at a "pretty fast" speed and had just passed another automobile which was traveling at a speed of twenty to twenty-five miles per hour. Although there was a large electric street light at the cross-walk, defendant did not observe the plaintiff until the automobile was about to hit her.

We think that a jury question was clearly presented and that the court's rulings were therefore without error.

Defendant also complains that the court charged the jury in the words of two requests presented by the plaintiff. The alleged fault is not that there was an erroneous statement of the law but that the evidence would not support a finding by the jury in that regard. The charges were impersonal. They consisted of abstract propositions of law and were pertinent to the issues. They present no error.

Judgment affirmed.